**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRITTANY M. MONTELARO** **CIVIL ACTION**

**VERSUS**

**START CORP. ET AL** **NO. 26-00817-BAJ-SDJ**

**RULING AND ORDER**

Before the Court are Plaintiff's *pro se* motions seeking entry of a temporary restraining order ("TRO") and preliminary injunction (Doc. 4; Doc. 18). Plaintiff represents that she is the mother of three minor children. (Doc. 18 at 1.)

Plaintiff seeks relief from Defendants the Louisiana Housing Corporation ("LHC"), START Corporation ("START"), the Louisiana Department of Children and Family Services ("DCFS"), the Louisiana Workforce Commission ("LWC"), the Zachary Community School District ("ZCSD"), the Zachary Community School Board ("ZCSB"), and all other "joint private-state co-conspirators." (Doc. 4 at 1). Plaintiff asks the Court to immediately issue an order:

(1) Reinstating Plaintiff's housing stabilization funding of 12 months and commanding the immediate issuance of a completely new, clean, and untampered-with housing voucher that is entirely unattached to the prior fraudulent database records or compromised administrator accounts, allowing for an immediate safe property allocation;

(2) Commanding DCFS and LWC to immediately deploy all contractually guaranteed STEP transportation stipends with full retroactive backpay, and

B. Montelaro by email

assign a trained STEP and stabilization coach;

(3) Enjoining the ZCSD and ZCSB from enforcing address documentation barriers, and commanding the immediate provision of mandatory school uniforms and fee waivers ahead of classroom entry;

(4) Commanding LHC and START to provide emergency funding for immediate hotel lodging at the Best Western Zachary Inn within the city limits of Zachary, Louisiana, as an essential temporary stabilization measure to ensure the minor dependent children have a safe, stable resting environment to attend mandatory school orientation and classroom tracks while the underlying voucher fraud and compromised property issues are reviewed and resolved by the Court;

(5) Commanding DCFS and the LWC to immediately deploy emergency STEP transportation stabilization vouchers and direct vendor repair allocations to completely repair the active power steering fluid leak on Plaintiffs vehicle, cover all outstanding Louisiana Office of Motor Vehicles (OMV) registration fees, and activate standard auto liability insurance to eliminate systemic barriers to family mobility and allow Plaintiff to execute her independent path toward self-sufficiency;

(6) Commanding LHC, START, DCFS, and LWC to immediately deploy emergency HOME-ARP and STEP support services to completely replace essential seasonal clothing and laundry assets for Plaintiff and her three minor dependent children; issue an immediate communication stipend to restore

Plaintiff's cellular phone services; and issue direct financial stabilization allocations to cover all emergency vehicle repairs, state vehicle registration and title fees, and mandatory auto insurance premiums required to allow Plaintiff to drive her children safely and legally, neutralizing the systemic infrastructure blockade executed against the family;

(7) Requiring START and LHC to immediately deploy emergency Home-ARP Lodging Assistance to secure an independent room for Plaintiff and her three minor children strictly at" an unspecified "Holiday Inn" property; and

(8) Bypassing all physical processing delays by ordering the immediate electronic service of all signed judicial mandates straight to Plaintiff's primary email address.

Federal Rule of Civil Procedure ("Rule") 65(b) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

While the Court is aware that Plaintiff is proceeding *pro se*, she has failed to comply with Rule 65(b). Plaintiff's Motions do not include a certificate stating her efforts, if any, to provide notice to Defendants' attorneys, or explain the reasons why such notice should not be required. Plaintiff's "failure to comply with Rule 65(b)'s notice requirements, standing alone, is sufficient basis to deny" her "request for a

TRO." *See Stevenson v. Benjamin*, No. 19-cv-637, 2021 WL 11592389, at *1 (M.D. La. Feb. 17, 2021) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sep. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same).

The Court also emphasizes that federal district courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Without deciding the issue, the Court notes that, even if the form requirements were met here, the basis for the Court's jurisdiction to hear this case is currently unclear. As the Court has previously held: "Unlike most state courts of general jurisdiction, in which jurisdiction is generally presumed unless the contrary is demonstrated, in federal district courts the absence of jurisdiction is generally presumed unless the party invoking federal jurisdiction clearly demonstrates that it exists." *State of La. v. Sprint Commc'ns, Co.*, 892 F. Supp. 145, 147 (M.D. La. 1995). Simply put, the Court may not have jurisdiction to ultimately order the relief Plaintiff seeks.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motions for Temporary Restraining Order (Doc. 4; Doc. 18)** are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file their response, if any, to Plaintiff's request for a preliminary injunction within the time limits imposed by Local Civil Rule 7.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Ruling and Order to Plaintiff via email at the email address identified in her pleadings: xo83beautifuldisaster89xo@gmail.com.

Baton Rouge, Louisiana, this 4th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**