UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

U.S DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED SEP 14 2026
EDC
CLERK

**BRITTANY M. MONTELARO,**

**Plaintiff,**

**v.**

**START CORP., ET AL.,**

**Defendants.**

**CIVIL ACTION NO. 3:26-cv-00817-BAJ-SDJ**

---

PLAINTIFF'S EMERGENCY RESPONSE TO THE SEPTEMBER 4, 2026 RULING AND ORDER, AND MOTION FOR APPOINTMENT OF COUNSEL

Now comes Plaintiff, Brittany M. Montelaro, proceeding pro se, to respectfully respond to this Court's September 4, 2026, Ruling and Order, and to move for the urgent appointment of legal counsel pursuant to 28 U.S.C. § 1915(e)(1). In support of this combined emergency filing, Plaintiff shows the Court:

## I. NOTICE CERTIFICATION PURSUANT TO FED. R. CIV. P. 65(b)

1. Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), Plaintiff certifies that advance notice to the Defendants' private attorneys should be waived by the Court.
   Plaintiff is completely indigent, currently unhoused, and lacks access to institutional legal databases or resources required to identify, locate, and contact the private defense attorneys representing these multiple adversarial state and private agencies.
2. Forcing an unhoused mother to locate and serve corporate defense counsel while her children's basic survival benefits are abruptly cut off and their safety is actively threatened creates an insurmountable barrier to justice.
3. Immediate, irreversible injury will result to Plaintiff's minor dependent children before the adverse parties can be heard in opposition if this emergency request is delayed.

## II. PLAIN STATEMENT OF MATERIAL FACTS

5. Plaintiff is a pro se mother of three minor dependent children who is trapped in a rapidly escalating, multi-agency crisis that has completely outgrown her ability to manage without trained legal counsel.
6. **Housing Infrastructure Failure:** In May 2026, START Corp. and the Louisiana Housing Corporation (LHC) used administrative pressure to force Plaintiff into a lease at 4089 David Street. The unit negligently passed inspection despite severe termite infestations, mold, and non-functioning air conditioning. Public records from the East Baton Rouge Parish Assessor database reveal that 4089 David Street does not exist on the active land tax rolls. Public HUD funds were paid to a landlord for an unrecorded parish parcel while Plaintiff's family was left displaced.
7. **Welfare Retaliation and Isolation:** On June 10, 2026, a DCFS case coach stripped Plaintiff of her contractually guaranteed $200.00 monthly STEP transportation stipend. After Plaintiff objected and requested a staffing change, agency staff locked her out of her

progression, used her private PIN to execute a fraudulent Family Success Agreement (FSA) without authorization, and terminated her FITAP cash benefits for September. Plaintiff uploaded her formal administrative appeal within seven days, but the agency completely ignored the active appeal and closed her case file.

8. **Collapse of Educational Transit:** Because her cash survival benefits were cut, the daily transportation structure required for her children to attend school has completely collapsed. The Zachary Community School District (ZCSD) has failed to respond to Plaintiff's emergency notices regarding this resource depletion, leaving her honors students isolated from their classrooms.
9. **Severe Risk to Custody:** The coordinated, sequential removal of housing, transportation, and cash assistance has created an artificial family crisis. The Louisiana Department of Children and Family Services (DCFS) is actively utilizing this engineered environment as a pretext to bypass administrative procedures and execute an emergency child removal, threatening permanent, irreparable injury to the household.

## III. MOTION FOR APPOINTMENT OF COUNSEL

10. Pursuant to 28 U.S.C. § 1915(e)(1), Plaintiff moves for the immediate appointment of an attorney from the Court's Pro Bono Panel. This case presents exceptional circumstances involving a complex web of constitutional claims, multi-agency actions, and severe safety threats.
11. Plaintiff has zero income and is completely locked out of the regional civil legal aid infrastructure. Plaintiff has made exhaustive, good-faith efforts to secure representation: Southeast Louisiana Legal Services (SLLS) formally denied her application on June 29, 2026 (Application No. 26-0372036); she has also faced systemic capacity rejections from the Baton Rouge Bar Association Pro Bono Project and the LSU Paul M. Hebert Law Center Clinics.

12. Plaintiff lacks the legal education, technical resources, or cross-examination training required to execute federal discovery regarding hidden land parcels and automated multi-agency database falsifications while simultaneously protecting her family's baseline survival.

## IV. PLAINTIFF'S SWORN VERIFICATION

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am the Plaintiff in this matter, that I am proceeding pro se, and that all factual allegations contained within this document regarding housing fraud, benefit terminations, and school isolation are true, accurate, and correct.

Executed on September 14, 2026.

Respectfully submitted,

By: BMontelaro 9-14-26

**BRITTANY M. MONTELARO, PRO SE**

3948 Highway 63, Clinton, LA 70722

225-337-7868

xo83beautifuldisaster89xo@gmail.com

---

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRITTANY M. MONTELARO,**

**Plaintiff,**

**v.**

**START CORP., ET AL.,**

**Defendants.**

**CIVIL ACTION NO. 3:26-cv-00817-BAJ-SDJ**

---

# PLAINTIFF'S CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2026, a true and correct copy of the foregoing Emergency Motion has been submitted directly to the Clerk of Court counter for the U.S. District Court for the Middle District of Louisiana (777 Florida Street, Baton Rouge, LA 70801) for active filing and automated electronic distribution to all active counsel via the Court's CM/ECF database system, and that unserved state agency defendants continue to be processed through the service mandates of the United States Marshals Service.

Respectfully submitted,

By: BM Montelaro 9-14-26

**BRITTANY M. MONTELARO, PRO SE**