# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

**BRITTANY N. MONTELARO,**

**PLAINTIFF**

**V.**

**ZACHARY COMMUNITY SCHOOL BOARD, ET AL.,**

**DEFENDANTS**

RECEIVED
OCT 08 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

**CIVIL ACTION NO.**

**3:26-CV-00817-BAJ-SDJ**

---

# PLAINTIFF'S EMERGENCY REAL-TIME STATUS UPDATE & EVIDENCE FACT SHEET

Now comes Plaintiff, Brittany N. Montelaro, representing herself *pro se*, to formally alert the Court to severe, ongoing cross-agency administrative retaliation causing active educational and economic deprivation to minor children. Plaintiff subjoins the following irrefutable, day-by-day chronological timeline of real-time database fraud for the Court's immediate emergency review:

## 1. THE CRITICAL JUNE DISPLACEMENT NOTICE & SUPPORTIVE SERVICE CUTOFF

- **June 10, 2026:** Case Manager Megan Bell formally granted Plaintiff a **"Good Cause" crisis protection waiver** due to emergency housing instability. In direct violation of state guidelines, the caseworker immediately used this protective crisis status as a pretext to unlawfully strip away Plaintiff's active transportation stipends.
- **June 22, 2026:** A full three days before her eviction court date on June 25th, Plaintiff sat face-to-face with Zachary Community School Board Supervisors Charlotte Delatorre and Mrs. Mason. Plaintiff explicitly alerted them to her

imminent displacement and the fact that she did not have a permanent address, as she was actively working to secure a unit in Baker. Administrators refused to establish a proactive transit backup plan to ensure the children's continuity.

## 2. THE TIMELY PORTAL APPEAL VS. THE SILENT FITAP CLOSURE

- **July 2026:** Unknown to Plaintiff, Mrs. Lewis was assigned as her active FITAP caseworker. Throughout July and August, Plaintiff built out a comprehensive independent business plan while continuously calling and emailing to request an active case coach; Caseworker Mrs. Lewis systematically refused to return a single call or acknowledge the file.
- **August 7, 2026:** Bypassing Plaintiff's active Good Cause waiver, Caseworker Mrs. Lewis executed a total case closure effective September 1, 2026. Plaintiff received the physical closure letter on August 10, 2026.
- **August 17, 2026:** Well within the strict 13-day legal window, Plaintiff uploaded her formal appeal to the LACAFÉ portal. Under Louisiana administrative law, this timely filing legally mandated the immediate enforcement of **Aid Paid Pending a Hearing** to keep cash active. Defendants willfully ignored the filing and choked out the household's survival cash.

## 3. THE MANUFACTURED EXPIRING GAS CARD BLOCKADE

- **August 27, 2026:** Zachary Community School Board Administrator Charlotte Delatorre forced Plaintiff into a temporary transport contract, issuing a flat $270.00 gas card calculated at an arbitrary 113 miles per day and $3.60/gallon. Admin willfully ignored the true multi-school daily circuit: **27 miles to Zachary Elementary, 1 mile to Northwestern Elementary (where Plaintiff must wait inside her idling vehicle from 8:00 AM–9:00 AM & 3:00 PM–4:00 PM), 0.3 miles to Zachary Early Learning Center, and 25.3 miles back to Clinton—a strict 106.6-mile daily loop requiring two hours of vehicle idling, 5 days a week**.
- **September 10, 2026:** The temporary contract gas card ran completely dry. Plaintiff emailed Charlotte Delatorre alerting her to the vehicle stagnation; Admin enforced a total communication blackout. Minor children missed classes on September 10th and 11th due to the transit cutoff.
- **September 14 – 24, 2026:** Plaintiff exhausted all private emergency resources to maintain attendance, securing independent $30 cash increments from the children's father to keep the vehicle fueled.

- **September 25, 2026:** Plaintiff ran completely out of fuel while executing the school circuit, requiring physical roadside emergency fuel delivery from her father to avoid being stranded on the highway. Minor children have been locked out of physical seat time since this exact date. Plaintiff emailed Mrs. Mason on September 17th regarding the impending collapse; she has ignored the email to this date.

**4. THE CURRENT OCTOBER STANDOFF, GPA DISRUPTION, & CONFLICTING RECORDS**

- **September 25, 2026:** Due to the severe educational stress of the ongoing transportation crisis, the minor student scored lower on two completed ELA exams on her checkout day, dropping her active average to a **79C in ELA and an 86B in Social Studies**. Because Defendants' transit blockade actively locks her out of her physical classroom, she is being denied the critical instruction time needed to pull those grades back up before the district's **October 7th Nine-Week close** and the **October 15th permanent report card printing date**.
- **September 30, 2026:** Plaintiff received a STEP notice terminating her transit stipend effective October 1st for *"failed to do STEP sanction,"* a fraudulent, retroactive pretext given that Megan Bell had already stripped the stipends away in June.
- **October 1, 2026:** Building Principal Megan Noel formally issued a written directive executing an administrative timeline delay (*"You can send a note... once she returns"*), legally freezing the grading track and retroactively protecting the student's records from permanent 9-week penalties while transit is restored. Core honors teachers for Science and Social Studies immediately complied, manually applying **"E" for Excused markers** right onto the grading server.
- **October 2, 2026:** The Zachary Community School Board's computer generated a retaliatory **8-day truancy warning letter**, layout-printing Plaintiff's address as a defunct "4089 David St" location to falsely claim the family resides next to the campus—deliberately trying to hide the multi-parish transit collapse from this Court.
- **October 3, 2026 (7:54 PM Live Portal Scan):** Plaintiff's live **CAFÉ Portal** displays an absolute administrative contradiction: her Case Status is explicitly marked **"Approved" for $508.00**, while the individual column reveals a manual backend **"Sanction"** blocking all household cash. The screen explicitly logs her active address as **Clinton, LA 70722**, proving the State has fully tracked her multi-parish displacement all along. Meanwhile, DCFS child support enforcement divisions remain aggressively active against the oldest child's father, redirecting

collections to recoup state funding while leaving the household completely cut off from survival cash.

## CONCLUSION

Plaintiff has completely fulfilled her statutory obligations, while Defendants have acted in concert to manufacture a total compliance failure. Plaintiff's straight-A honors student maintains her true baseline with a **91A in Math and a 93A in Science**, and her grading track is currently insulated via the principal's active written pass. Plaintiff requests an immediate emergency hearing or the standalone **Appointment of Pro Bono Counsel under 28 U.S.C. § 1915(e)(1)** to break this cross-agency blockade.

Dated: **October 5, 2026**

Respectfully Submitted,

**/s/ Brittany N. Montelaro**

**Brittany N. Montelaro, Plaintiff Pro Se**

3948 Highway 63, Clinton, LA 70722

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Status Update has been served upon the following counsel of record via electronic mail transmission on this **5th day of October, 2026**, addressed as follows:

- **Nathan Long, Esq.**
  Counsel for Zachary Community School Board
  Email: nlong@hamsil.com

Dated: **October 5, 2026**

Certified By,

**/s/ Brittany N. Montelaro**

**Brittany N. Montelaro, Plaintiff Pro Se**

BMontelaro 9-5-26

Brittany Montelaro

BATON ROUGE LA 707
6 OCT 2026 AM 1 L



SCREENED
OK
U.S. MARSHAL

Clerk of court
United States District Court, ~~[illegible]~~
Middle District of Louisiana
~~707~~ Florida Suite, Suite 139
Baton Rouge, LA 70801

70801-999999