**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRITTANY N. MONTELARO** **CIVIL ACTION NO. 3:26-cv-817-BAJ-SDJ**

**VERSUS**

**START CORPORATION, ET AL.**

---

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ON BEHALF OF RONELL RAYMOND AND RAYCO PROPERTIES & SERVICES, LLC**

---

Defendants Ronell Raymond and Rayco Properties & Services, LLC (collectively, "Raymond and Rayco") oppose Plaintiff's request for a preliminary injunction (R. Doc. 4) insofar as Plaintiff purports to seek relief against them. The Court has already denied Plaintiff's requests for temporary restraining orders, while allowing responses to the request for preliminary relief.[1]

## I. THE MOTION REQUESTS NO IDENTIFIABLE INJUNCTIVE RELIEF AGAINST RAYMOND OR RAYCO

Although the introductory paragraph of R. Doc. 4 refers generally to "all joint private-state co-conspirators," none of the six enumerated requests for relief directs Raymond or Rayco to do or refrain from doing anything.[2] The requested orders concern housing vouchers, STEP stipends, school enrollment, hotel lodging, vehicle repairs, and other support services, and identify other defendants as the parties from whom such relief is sought. Plaintiff has not specified any act by Raymond or Rayco that a preliminary injunction would prohibit or any affirmative obligation that

---

[1] Doc. 19 at 4–5.
[2] Doc. 4 at 1–2

either could perform. A preliminary injunction must describe its terms specifically and state in reasonable detail the acts restrained or required.[3] A generalized allegation of conspiracy cannot supply the missing operative command.

## II. PLAINTIFF HAS NOT ESTABLISHED THE REQUIREMENTS FOR PRELIMINARY INJUNCTIVE RELIEF

A preliminary injunction is an extraordinary remedy. The applicant must establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent an injunction; (3) that the threatened injury outweighs the harm to the opposing party; and (4) that the injunction would not disserve the public interest.[4] Failure to establish any one element defeats the request.

### A. No substantial likelihood of success against these defendants.

As more fully explained in Raymond and Rayco's separately filed Rule 12 motion and supporting memorandum, Plaintiff's allegations describe private landlord-tenant conduct, including disputed premises conditions, an alleged entry, a notice to vacate, and a completed state-court eviction. Federal housing assistance does not itself convert a private property operator into a state actor.[5] Nor does Plaintiff identify concrete facts establishing a joint agreement with a state actor. The Court need not resolve the ultimate merits of the motion to dismiss to conclude that Plaintiff has not carried her independent burden of showing likely success on an identifiable claim warranting prospective relief against Raymond or Rayco.

---

[3] Fed. R. Civ. P. 65(d)(1)

[4] *Louisiana v. Biden*, 55 F.4th 1017, 1022 (5th Cir. 2022); see also *Winter v. Natural Resources Defense Council*, Inc., 555 U.S. 7, 20, 22 (2008).

[5] See *Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1242–44 (5th Cir. 1982).

**B. No prospective, irreparable injury attributable to Raymond or Rayco is identified.**

The motion describes homelessness following a prior eviction and alleges deficiencies in housing assistance and other benefits.[6] It identifies no threatened future eviction, entry, or other imminent conduct by Raymond or Rayco for the Court to prevent. A past injury, standing alone, does not establish a real and immediate threat of future injury justifying prospective injunctive relief.[7] To the extent Plaintiff seeks monetary compensation for past conduct, that request is distinct from the showing necessary for preliminary injunctive relief.

**C. The equities and public interest do not support an unspecified order.**

The Court cannot meaningfully balance the burdens of an injunction against Raymond and Rayco when Plaintiff has identified no relief they are to provide. Requiring private defendants to comply with an undefined injunction would create uncertainty rather than preserve a lawful status quo. The public interest favors application of Rule 65's requirements and orders sufficiently specific to permit compliance.

## III. THE COURT'S PRIOR ORDER FURTHER SUPPORTS DENIAL

In denying the TRO requests, the Court noted that the basis for federal jurisdiction was unclear and that the Court "may not have jurisdiction to ultimately order the relief Plaintiff seeks."[8] That observation was expressly not a jurisdictional ruling. Nevertheless, it underscores why extraordinary relief should not issue on the present record, particularly against defendants for whom the motion specifies no operative remedy.

---

[6] Doc. 4 at 1.
[7] *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105–06 (1983).
[8] Doc. 19 at 4.

## IV. ATTORNEY FEES AND COSTS

Defendants further respectfully reserve their right to seek recovery of reasonable attorney's fees and taxable costs pursuant to 42 U.S.C. §§ 1988(b) and 3613(c)(2), Federal Rule of Civil Procedure 54(d), and other applicable law. A prevailing defendant may recover attorney's fees where the plaintiff's claims are frivolous, unreasonable, or without foundation.[9] Defendants submit that Plaintiff's pursuit of extraordinary injunctive relief without identifying any specific relief sought against Raymond or Rayco further demonstrates the absence of a reasonable factual or legal foundation for the claims asserted against them. Defendants reserve the right to seek an appropriate award upon disposition of the claims and satisfaction of the applicable statutory requirements.

## V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff has failed to establish any basis for preliminary injunctive relief against Defendants Ronell Raymond and Rayco Properties & Services, LLC. Plaintiff identifies no specific injunctive relief sought against these Defendants, alleges no ongoing or imminent conduct by them warranting extraordinary judicial intervention, and fails to satisfy the requirements for issuance of a preliminary injunction under Federal Rule of Civil Procedure 65.

**WHEREFORE**, Defendants Ronell Raymond and Rayco Properties & Services, LLC respectfully request that this Honorable Court:

A. DENY Plaintiff's Motion for Preliminary Injunction (Doc. 4) insofar as it seeks relief against Raymond or Rayco;

B. TAX all recoverable costs against Plaintiff to the extent permitted by applicable law;

---

[9] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14–15 (1980).

C. RESERVE Defendants' right to seek reasonable attorney's fees and taxable costs pursuant to 42 U.S.C. §§ 1988(b) and 3613(c)(2), Federal Rule of Civil Procedure 54(d), and other applicable law, upon satisfaction of the requirements for such an award; and

D. GRANT Defendants all other legal and equitable relief to which they may be entitled.

Respectfully submitted:

**NOLAND LAW OFFICE, LLC**

/s/ Erik R. Noland

______________________________

Erik R. Noland
LA Bar Roll # 37245
4783 Secretary Dr.
Zachary, LA 70791
(225) 612-2969 – Telephone & Fax
erik@nolandlawoffice.com
*Attorneys for Ronell Raymond and*
*Rayco Properties and Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading will be served on all parties of record by electronic notice via Pacer/ECF/CMS system.

Zachary, Louisiana this 13th day of October, 2026.

/s/ Erik R. Noland

______________________________

Erik R. Noland